# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY GREGG,<br><br>Defendant. | No. CR05-4079-DEO<br><br>**REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

## *I. INTRODUCTION*

On December 30, 2005, Gregg was sentenced by the Honorable Donald E. O'Brien to 15 months' incarceration and three years' supervised release on a charge of possession of a firearm by a person under a domestic restraining order in violation of 18 U.S.C. § 922(g)(8) and 924(a)(2). *See* Doc. Nos. 1 & 49. The case was remanded for resentencing after appeal, and on December 19, 2006, Gregg was sentenced to 25 months' incarceration and three years' supervised release, with credit for fifteen months time served. *See* Doc. No. 74. On October 15, 2007, Gregg began serving his term of supervised release.

Gregg has been the subject of two prior revocation proceedings. On May 1, 2008, Judge O'Brien modified the conditions of Gregg's supervised release, ordering Gregg to serve two weekends in jail and sixty days of home confinement after he tested positive for marijuana. On August 27, 2008, Judge O'Brien modified the conditions of Gregg's supervised release, ordering Gregg to serve six weekends in jail and ninety days of home confinement after Gregg's arrest for public intoxication.

On January 27, 2009, United States Probation Officer Ronica Mork filed a petition for issuance of a warrant for Gregg's arrest based on alleged violations of his conditions of supervised release. Mork alleged Gregg left the district for a period of time without

notifying his probation officer, and failed to appear for scheduled urinalysis tests on five occasions in November and December 2008, and six occasions in January 2009. *See* Doc. No. 103. Due to these alleged violations, Mork recommended that Gregg be brought before the court for a revocation hearing.

The matter came on for hearing before the undersigned on February 3, 2009, for a report and recommendation on the plaintiff's motion to revoke the defendant's term of supervised release (Doc. No. 103). The plaintiff (the "Government") was represented by Assistant United States Attorney Forde Fairchild. The defendant Bradley Gregg appeared in person with his attorney, Assistant Federal Defender Robert Wichser. The Government offered the testimony of USPO Mork. Gregg testified on his own behalf. The court has considered the evidence and the arguments of counsel, and makes the following findings of fact and recommendation.

## II. FINDINGS OF FACT

The court finds Gregg failed to appear for urinalysis tests on November 12, 13, 14, and 17, and December 12, 2008. He met with Mork on December 24, 2008, when his electronic monitor was removed following completion of the period of home confinement that resulted from his second violation of the terms of supervised release. Following that date, Mork was unable to reach Gregg by phone. She learned that Gregg had been laid off from work, and she sent him a letter dated January 6, 2009, directing him to meet with Iowa Workforce Development personnel, and to advise her when he had complied.

On January 8, 2009, Mork sent Gregg another letter directing him to appear for a meeting with her on January 12, 2009. Gregg failed to appear for the meeting. He also failed to appear for scheduled urinalysis testing on January 12, 13, 14, 16, and 20, 2009. On the evening of January 20, 2009, after working hours, Gregg left a message for Mork on her work phone. Although Gregg had Mork's cell phone number and had called her

cell phone in the past, he did not attempt to contact Mork at her cell phone number. In the message, Gregg indicated he had been "chasing his son" who was with his mother in Kansas City. Mork took this to mean Gregg had left the district and traveled to Kansas City without permission. Gregg testified he only meant to indicate he had located his son's mother and she was in Kansas City, not that he had been in Kansas City. He testified he has not left the district, and the court finds his testimony in this regard to be credible.

Gregg missed additional urinalysis tests on January 21, 27, 28, and 29, 2009. On the evening of January 29, 2009, Gregg left Mork another message on her work phone, again after working hours. In this message, Gregg indicate he was staying "outside of Sioux City" because he had been threatened by friends of his son's mother and he feared for his safety. Despite stating he was staying out of Sioux City, Gregg was arrested on the current warrant at his Sioux City apartment on January 30, 2009.

In addition to the above violations, Gregg has failed to complete a substance abuse evaluation as ordered by Judge O'Brien on August 27, 2008.

Gregg testified he started working on January 29, 2009, at Tri-State Plumbing in Sioux City. He offered no reasonable justification for missing the scheduled urinalysis tests, stating that he either did not have a ride or he was "stressed out" due to problems involving his attempts to have contact with his son. The court finds Gregg has not taken his obligations under the terms of supervised release seriously and he is, at this point in time, not capable of being supervised successfully.

The court finds Gregg has committed the following violations of supervised release:

- Gregg failed to submit urine samples on fourteen occasions, each of which was a violation of Special Condition of Supervised Release #1. *See* Doc. No. 74, p. 4.

- Gregg failed to complete a substance abuse evaluation as ordered by the court, also in violation of Special Condition of Supervised Release #1. *Id.*

3

- Gregg failed to maintain contact with his probation officer, in violation of Standard Condition of Supervised Release #2. *See* Doc. No. 74, p. 3.

- Gregg failed to notify his probation officer timely of his change in employment, in violation of Standard Condition of Supervised Release #6. *Id*.

## *III. ANALYSIS*

USPO Mork recommends Gregg's term of supervised release be revoked and he be sentenced to twelve months' incarceration followed by an additional two years of supervised release. In addition, as a special condition of his release, Mork recommends Gregg be required to complete a substance abuse evaluation and participate in substance abuse treatment. The Government concurs in USPO Mork's recommendation.

Gregg requests that he be allowed to continue with his current conditions of supervised release. He argues his recommended range of imprisonment upon revocation is only four to ten months, and therefore a one-year term of imprisonment is excessive. *See* U.S.S.G. § 7B1.4(a).

In order to modify the terms or conditions of supervised release, the "district court must find by a preponderance of the evidence that the defendant violated a condition of his supervised release." *United States v. Hall*, 984 F.2d 387, 390 (10th Cir. 1993) (citing 18 U.S.C. § 3583(e)(3)). The district court's finding that a defendant has violated the conditions of supervised release is reviewed for clear error, while an order of revocation based on such a finding is reviewed for abuse of discretion. *United States v. Carothers*, 337 F.3d 1017, 1019 (8th Cir. 2003).

The undersigned finds by a preponderance of the evidence that Gregg violated the terms and conditions of supervised release. Having so found, 18 U.S.C. § 3583(e) requires the court to consider certain specified factors set forth in 18 U.S.C. § 3553(a), in making a determination as to whether the defendant's term of supervised release should

be terminated, extended, modified, or revoked. Although the court is not required to cite each relevant factor in section 3553(a), *see United States v. Franklin*, 397 F.3d 604, 607 (8th Cir. 2005), the relevant factors are set forth here for the convenience of the district court in reviewing this Report and Recommendation:

> (a) . . . The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed –
>
> * * *
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> * * *
>
> (4) the kinds of sentence and the sentencing range established for –
>
> * * *
>
> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
>
> (5) any pertinent policy statement –

> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>
> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e). After considering these factors, the court may terminate, extend, revoke, or modify the term of supervised release as set forth in section 3583(e). Accordingly, the court turns to consideration of the factors set forth above.

### A. *Nature and circumstances of offense, and Gregg's history and characteristics*

Gregg's original offense arose from his possession of a firearm while under a domestic restraining order. *See* Doc. No. 1, Count 2.[1] The record indicates the offense was discovered after Gregg accidentally shot himself when he slipped and fell while on a hunting outing. The facts of the case and Gregg's twenty-four month federal sentence indicate the crime was moderately serious.

Of greater concern is Gregg's conduct since the time of his arrest. While Gregg was on pretrial release, four separate noncompliance reports were filed against him. He failed to maintain contact with his Pretrial Services officer as required; failed to appear for

---

[1] Count 1 of the Indictment was dismissed by the Government at Gregg's initial sentencing. *See* Doc. No. 49.

urine testing as required; altered a doctor's note which he then presented to the court as evidence; and submitted urine samples that were positive for marijuana. As noted above, once he began his term of supervised release, he again failed on numerous occasions to comply with conditions of release. In addition, the record indicates Gregg was arrested for public intoxication during the summer of 2008, and he refused several times to comply with the arresting officer's directions at the time of the arrest.

The court finds this factor weighs heavily in favor of the Government's petition for revocation. Gregg's history indicates he is not amenable to supervision and will continue to violate terms of release unless he receives a sanction of sufficient severity to impress upon him the necessity of his compliance in the future.

B.  *Deterrence of criminal conduct*

Any modification of supervised release imposed upon Gregg must "afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(1)(2)(B). The court finds that imposing a term of imprisonment is the most likely way to deter further criminal conduct by impressing upon Gregg the absolute necessity of complying with the terms of his supervised release in the future.

C.  *Protection of the Public from Further Crimes*

Any modification of Gregg's term of supervised release must protect the public from further crimes. 18 U.S.C. § 3553(a)(2)(C). The record suggests Gregg may use controlled substances unless he complies fully with the conditions of his supervised release. The undersigned finds that a period of imprisonment followed by conditions of supervised release that include a substance evaluation and completion of any recommended treatment will protect the public from further crimes.

## D. Defendant's Need for Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

The record suggests Gregg would benefit from a substance abuse evaluation and treatment. Despite being ordered to obtain an evaluation both during pretrial release and during supervised release, Gregg has failed to comply. Again, the undersigned believes a period of imprisonment followed by special conditions of supervised release will motivate Gregg to comply with the court's orders in the future.

## E. Sentencing Considerations

The statute requires the court to consider pertinent policy statements issued by the United States Sentencing Commission, in effect at the time of Gregg's sentencing. 18 U.S.C. § 3553(a)(5). The court finds two such policy statements to be relevant to this inquiry. The first, Classification of Violations, U.S.S.G. § 7B1.1 (Policy Statement), sets forth three grades of supervised release violations. Gregg has committed Grade C violations. A Grade C violation consists of:

> conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (B) a violation of any other condition of supervision.

Having so found, the Court looks to the Sentencing Commission's instructions upon a finding of a Grade C violation:

> Upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.3(a)(2), Revocation of Probation or Supervised Release (Policy Statement).

Should the court revoke Gregg's supervised release, his recommended range of imprisonment pursuant to the Sentencing Guidelines would be four to ten months, with a

maximum statutory imprisonment of two years. *See* U.S.S.G. § 7B1.4(a); 18 U.S.C. § 3583(e)(3).

Should the court decide not to revoke Gregg's term of supervised release, his period of supervised release may not be extended because he already was sentenced to the maximum authorized term of supervised release. *See* 18 U.S.C. § 3583(e)(2). However, the court may "modify, reduce, or enlarge the conditions of supervised release" as prescribed by the statue and Rule 32.1, Federal Rules of Criminal Procedure. *Id.*

### F. *Sentencing Disparities*

The final consideration is whether the court's decision here will result in "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]" 18 U.S.C. § 3553(a)(6). The court finds it will not.

### G. *Recommendation*

Upon consideration of all of the above factors, the undersigned recommends Gregg's term of supervised release be **revoked**; that he be sentenced to a term of **six months'** imprisonment; and that he be sentenced to a **one-year term** of supervised release with special conditions as described below. The undersigned finds a six-month term of imprisonment will impress upon Gregg the seriousness of continued noncompliance with the conditions of his supervised release. In addition, the undersigned finds a one-year period of supervised release is sufficient time for Gregg to reintegrate himself into the community following his release from incarceration. As a special condition of Gregg's supervised release, the undersigned recommends he be required to complete a substance abuse evaluation within sixty days of his release from incarceration, and that he be required to complete any treatment recommended as a result of the evaluation.

## IV.  CONCLUSION

Based upon the foregoing analysis, IT IS RESPECTFULLY RECOMMENDED, unless any party files objections[2] to this Report and Recommendation, that the Government's motion to revoke Gregg's supervised release be **granted**, consistent with the above opinion.

Objections must be filed **by February 13, 2009**.  Responses to objections must be filed **by February 18, 2009**.

**IT IS SO ORDERED.**

**DATED** this 4th day of February, 2009.

*[signature]*

PAUL A. ZOSS
CHIEF MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[2]Objections must specify the parts of the report and recommendation to which objections are made, as well as the parts of the record forming the basis for the objections.  *See* Fed. R. Civ. P. 72.